Exhibit 1

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

JOHN DOE #11,

    Plaintiff,

vs.

WILLIAM B. LEE, *et al.*,

    Defendants.

Case No. 3:22-cv-00338

### DECLARATION OF PLAINTIFF JOHN DOE #11

1. My name is ███████████. I am an adult, have personal knowledge of the facts stated in this declaration, and am competent to testify to those facts. I am making this declaration in support of my motion for a temporary restraining order and preliminary injunction prohibiting Defendants from enforcing the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004, Tenn. Code Ann. §§ 40-39-201–40-39-218 ("SORA"), against me.

2. I am ██ years old and reside in ████████████ Tennessee. I am self-employed as a financial manager.

3. In ████ 2002, I was convicted of criminal sexual conduct, second degree, in ████████ Michigan. I committed my offense in ████ 2002. My conviction was the result of my guilty plea. The victim of my offense was my 14-year old stepchild.

4. I was sentenced to serve at least 30 months up to a maximum of 15 years in prison. I served 42 months in prison. While in prison, I underwent more than a year of sex offender therapy. I was released on parole. I did not violate my parole and my sentence terminated in 2007.

5. I registered as a sex offender under Michigan law until September 2019, when Michigan stopped enforcing its sex offender law against me (and many other sex offenders) based on rulings in *Doe v. Snyder*, Case No. 2:16-cv-13137-RHC-DRG (W.D. Michigan).

6. I moved to Tennessee in October 2020 but did not believe I was required to register as a sex offender under SORA. But in February 2022, ▬▬▬▬▬ Deputy ▬▬▬▬▬—the law enforcement officer responsible for enforcing SORA in ▬▬▬▬▬—arrested me in front of my wife and son for failing to register. Deputy ▬▬▬ requested that I be held on a $50,000 bond, claiming I was a "flight risk," even though he knew I had lived in Tennessee since 2020 and owned a house and business in the community. The bond was reduced to $25,000 after my pastor made a phone call to the court clerk and stated he would take responsibility for me. I made bond and hired counsel, and the district attorney general eventually dismissed the charges, but I was forced to register under SORA. A copy of my current SORA registration is attached as Exhibit A to this declaration.

7. The TBI currently classifies my sex offense as a "sexual offense" rather than a "violent sexual offense." Deputy ▬▬▬ told me my classification is based on TBI counsel's interpretation of SORA and that Deputy ▬▬▬ had "lobbied hard" for the TBI to classify me as a "violent sexual offender," so that I would have to register for life. Because my classification depends on one lawyer's interpretation of SORA, I fear that future TBI counsel may interpret SORA differently and re-classify me as a "violent sexual offender."

8. All of the requirements of the sex offender registry ("SOR") are severely burdensome: the registration and reporting requirements, the geographical restrictions on where I can live, work, or be present, and the threat of felony prosecution and mandatory jail time for any violation. The

uncertainty of the boundaries of the geographical restrictions, combined with severe penalties for violating them, cause me to live with regular anxiety.

9. SORA's reporting and supervision requirements are similar to, but more restrictive and onerous than, the reporting and supervision that I experienced while serving my sentence on parole. I was required to report to my parole officer only periodically for a fixed term. Under SORA, I must report at least annually, every time I leave or return to the country, and on numerous other occasions.

10. While on parole, I reported briefly at scheduled times and could even report some matters to my parole officer by telephone. As I progressed through parole, the parole officer required increasingly less reporting. Under SORA, I must report in person. I cannot report at a scheduled time. I must drive almost an hour roundtrip to the reporting location.

11. If I had been accused of violating my parole terms, the maximum sanction would have been to serve my sentence. Under SORA, I face arrest and prosecution on a felony charge for each alleged violation of the law.

12. Under SORA, I must report significantly more information than what I was required to report while I was serving my sentence on parole. SORA's requirement that minor changes be reported in person within 48-hours is a level of reporting that far exceeds what I experienced while I was serving my sentence on parole. As a result of SORA's immediate reporting requirements, coupled with the annual reporting requirement, I must report in person to law enforcement with a frequency that is greater than my reporting obligations when I was on parole.

13. I experience shame and humiliation from being on the SOR. The public nature of my presence on the SOR causes me to feel as though I am less than human and an irredeemable outcast

from society. I live in fear that peers, neighbors, and clients will discover my SOR status, because in the past I have lost friendships and potential clients as a result of my public registration status.

14. But what is most painful about SORA are the burdens it places on my relationships with my wife and our children. Under SORA, I cannot "[b]e upon or remain on the premises of any building or grounds of any public school, private or parochial school, licensed day care center, other childcare facility, public park, playground, recreation center or public athletic field available for use by the general public in this state when the offender has reason to believe children under eighteen (18) years of age are present." Tenn. Code Ann. § 40-39-211(d)(A) (West 2022). Thus, I cannot go to parks and playgrounds with my minor children or attend their sporting events. When I was arrested in February 2022, Deputy ▓▓▓ told me I may not attend my church—at which I am a lay pastor and at which my wife and children attend—because the church has a gymnasium. Thus, since my arrest in February 2022, I have been unable to attend church with my family or practice my ministry as a lay pastor on church grounds when children are present.

15. Under SORA, an offender may not reside or spend the night with his own minor child if the victim of his offense was any "minor or adult child" of the offender. Tenn. Code Ann. § 40-39-211(c)(1) (West 2022). When Deputy ▓▓▓ arrested me in February 2022 and made me register, he told me I could reside with my five minor children if I produced birth certificates showing I was their father. Two months later, however, Deputy ▓▓▓ informed me that he had consulted with the TBI and determined that I was not permitted to live with my children because the victim of my offense was my minor stepchild and thus my "child" under Tenn. Code Ann. § 40-39-211(c)(1). Deputy ▓▓▓ ordered me to get a hotel room and move out of my house immediately or he would arrest me. As a result, since April 2022, I have been forced to spend each night in a hotel and not return home until the morning, leaving my wife to care for our children by herself. I

constantly worry what will happen if there is an emergency with my wife or one of our children and I am not there to help.

16. Before my arrest, I had plans to take my family on vacation in Florida and confirmed that I could reside with my children while in Florida. Through counsel, I notified Deputy ▮ of my plans. Deputy ▮ told me that if I spent the night with my children in Florida, he would arrest me when I returned. So I cancelled our vacation.

17. Even when I am allowed to be at home, I cannot be in a room or a car with any of my minor children unless (a) another adult is present and able to observe me or (b) my children's presence is "incidental, accidental, or otherwise unrelated to [my] lawful activity." Tenn. Code Ann. § 40-39-211(k). I cannot know whether a law enforcement officer like Deputy ▮ will agree with my determination that my children's presence is "incidental, accidental, or otherwise unrelated to [my] lawful activity" and I risk arrest for a felony if he disagrees. Thus, I cannot safely be alone with my children at any time, which limits my ability to share childrearing duties with my wife and spend time with my children.

18. I have made sincere and substantial efforts to rehabilitate myself and reintegrate into the community after my offense. I completed sex offender treatment. Other than my arrest for failing to register in Tennessee, I have not been re-arrested since I was released from prison, and I have not been charged with any other violations of SORA. I married and am raising a family with my wife. I built, own, and operate a successful financial management business to earn a living and provide for my family. I am as active in my church as I can be given my inability to attend church with my family or practice my ministry on church grounds when children are present.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed today, May 10, 2022.

"John Doe #11"

# Tennessee Sex Offender Registry

**OFFENDER ID:** ▇▇▇▇
**ALIASES**

## CLASSIFICATION/STATUS

**CLASSIFICATION**
SEXUAL

**STATUS**
ACTIVE

## OFFENSES

| DATE OF OFFENSE | DESCRIPTION | TCA CODE |
|---|---|---|
| 2002 | CRIMINAL SEXUAL CONDUCT 2ND DEGREE | 39-13-PT5 |

## ADDRESSES

**PRIMARY**

**SECONDARY**

**EMPLOYER**

## VEHICLES

**VEHICLE**

**VEHICLE**

**VEHICLE**

**CRIMINAL HISTORY NOT AVAILABLE**

## DEMOGRAPHICS

**HAIR**

**EYES**

**GENDER**
MALE

**RACE**

**HEIGHT**

**WEIGHT**

**DOB**

**DRIVER'S LICENSE**

## OTHER

**LAST REGISTRATION/REPORT DATE**

**LAST DATE INFORMATION UPDATED**

**REGISTERING AGENCY**

*Note: In the field entitled Last Registration/Report Date, the term "Not Available" indicates The Tennessee Bureau of Investigation has not received offender information as directed by T.C.A. 40-39-201 et. seq. The Website is updated daily based on information submitted to the TBI.

## DISCLAIMER

The Tennessee Sex Offender Registry exists as a public information resource, allowing citizens to take proactive measures to ensure safety in their communities. Misuse of this information by individuals or groups to commit crimes (to include, but not limited to, threats, intimidation, stalking, or harassment) may be subject to prosecution or the potential of civil liability.

The information contained in the Tennessee Sex Offender Registry has been provided to TBI by the offender's registering agency. The TBI does not guarantee the accuracy of this information. If you have reasonable proof that any of the information contained in an offender's profile is inaccurate, please contact the offender's registering agency, as listed above.

Because the Tennessee Sex Offender Registry database is updated daily, the accuracy of any offender information that is viewed and/or printed can only be assured on the day that it is viewed and/or printed.