IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| **JOHN DOE #11,**<br><br>  Plaintiff,<br><br>*vs.*<br><br>**WILLIAM B. LEE,** *et al.*,<br><br>  Defendants. | Case No. 3:22-cv-00338<br><br>Judge Richardson<br><br>Magistrate Judge Holmes |

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER

Defendants claim Plaintiff's motion to proceed pseudonymously should be denied because he has not shown actual harassment or difficulty obtaining housing or employment despite his personal information having been public "for some time." (Doc. 28 at PageID #171.) Defendants are mistaken. First, Plaintiff needs anonymity to prevent harassment because he is a sex offender challenging a popular law the government claims is necessary to protect the public from people like him. The anonymity he has so far enjoyed has **prevented** such harassment. Second, Plaintiff needs anonymity to preserve his ability to regain the relative anonymity he enjoyed before Tennessee enforced SORA against him. Third, Plaintiff's anonymity will not prejudice Defendants or the public interest. Plaintiff's motion should therefore be granted.

### FACTS

Plaintiff was convicted of a sex offense in Michigan in 2002. (Doc. 15, Declaration of Doe #11 at ¶ 3.) He was removed from the Michigan sex offender registry in September 2019. (*Id.* at ¶ 5.) He was not added to the Tennessee sex offender registry until February 2022. (*Id.* at ¶ 6.)

Other than his current Tennessee sex offender registry record, Plaintiff's status as a convicted sex offender is not readily ascertainable via a free internet search. While the Michigan Department of Corrections provides a free, searchable database of people in prison or on probation or parole, that database excludes people like Plaintiff who terminated their sentences more than

three years ago.[1] The Michigan State Police provides a searchable database of criminal records[2], but a search costs $10[3] and requires the offender's birth date.[4]

## ARGUMENT

While Defendants focus on the *Porter* factors, those are "non-exhaustive." *Doe v. Fedex Ground Package Sys., Inc.*, No. 3:21-CV-00395, 2021 WL 5041286, at *5 (M.D. Tenn. Oct. 29, 2021). A "court may exercise its discretion to consider other factors that may be relevant in a particular case" including "whether the plaintiff would risk suffering injury if identified and whether the defendant would be prejudiced by the plaintiff's proceeding anonymously." *Id.* These two factors weigh in favor of Plaintiff's continued anonymity.

**1.      Plaintiff needs anonymity to prevent harassment based on his challenge to SORA.**

The quintessential pseudonymous plaintiff takes an unpopular position against a popular government activity. *See Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004) (school children and parents challenging Bible studies in rural public school). Anonymity is warranted in such lawsuits because they force plaintiffs "to reveal their beliefs about a particularly sensitive topic that could subject them to considerable harassment." *Id.* at 560. Here, Plaintiff's lawsuit could subject him to considerable harassment because he is a sex offender challenging enforcement of a popular law enacted to protect the public against people like himself.

---

[1] *See* "Offender Tracking Information System," <https://www.michigan.gov/corrections/otis> (last accessed June 6, 2022) ("The Offender Tracking Information System (OTIS) contains information about prisoners, parolees, and probationers who are currently under supervision, or who have been discharged but are still within three years of their supervision discharge date. It does not contain information about offenders who are beyond that three-year period.").

[2] *See* "Internet Criminal History Access Tool," <https://apps.michigan.gov> (last accessed June 6, 2022) ("ICHAT is the only public resource for name-based Michigan criminal history background checks.").

[3] *Id.* at <https://apps.michigan.gov/Home/FAQS> (last accessed June 6, 2022) ("What information is needed to perform a search? Include the following in your request: Required Information - First name, last name, and date of birth.").

[4] *Id.* ("What type of payment is accepted for ICHAT? At this time only three main credit or debit cards are accepted. Those are Visa, MasterCard, and Discover. If you don't have one of those types of cards or are unable to pay the $10 per ICHAT search, you can reach out to our Record Resource Section/ Freedom of Information Unit at MSPRecords@Michigan.gov.").

Courts regularly allow sex offenders pursuing challenges to sex offender registry laws to proceed pseudonymously. *See, e.g., Does #1–5 v. Snyder,* 834 F.3d 696 (6th Cir. 2016); *Doe v. Lee,* 3:16-cv-02862 (M.D. Tenn.); *Does #1-3 v. Lee*, 3:19-cv-00532 (M.D. Tenn.); *Does #1-9 v. Lee*, No. 3:21-CV-00590; *Doe v. Rausch*, 461 F. Supp. 3d 747, 769 (E.D. Tenn. 2020); *Doe v. Rausch*, 382 F. Supp. 3d 783, 799–800 (E.D. Tenn. 2019).[5] This common practice is reasonable and appropriate. **First,** the legislature stigmatizes sex offenders as dangers to the public, *see* Tenn. Code Ann. § 40-39-201(1) ("Sexual offenders pose a high risk of engaging in further offenses after release from incarceration or commitment and protection of the public from these offenders is of paramount public interest"). **Second,** the legislature claims sex offender registry laws are necessary to protect the public from that danger, *see id.* § 40-39-201(6) ("To protect the safety and general welfare of the people of this state, it is necessary to provide for continued registration of offenders and for the public release of specified information regarding offenders."). Thus, **third,** sex offenders challenging sex offender registry laws risk harassment by members of the public who perceive them as "predators" seeking to evade laws designed to protect the public against them. **Fourth,** anyone so motivated to harass may use the detailed information on the sex offender registry to track down the offenders, *e.g.,* their photograph; aliases; primary and secondary home addresses; work address; the year, make, model, color, and tag number of vehicles; hair and eye color, race, height and weight, date of birth, and driver's license number. (Declaration of Doe #11 at Exhibit A.) Permitting pseudonymous challenges to sex offender registry laws reduces the risk that offenders will suffer harassment as a result. Reducing that risk protects offenders and benefits the public interest by removing a disincentive to pursuing meritorious claims.

Defendants claim Plaintiff has no basis to proceed pseudonymously because he has not yet suffered harassment. (Doc. 28 at PageID #171.) But the reason Plaintiff has not yet suffered harassment for pursuing this litigation is that he has so far proceeded pseudonymously. If he proceeded under his true name until he suffered harassment, it would be too late to seek anonymity and the harm would be irreparable. Proceeding pseudonymously prevents that irreparable harm.

---

[5] Defendants cite *Doe v. Lee*, No. 3:22-CV-00181, 2022 WL 1210429 (M.D. Tenn. Apr. 22, 2022) ("Doe-181"), which denied a sex offender anonymity, but that case is a clear outlier.

### 2. Permitting Plaintiff to proceed pseudonymously preserves his ability to return to the status quo *ex ante* if he prevails.

In *Doe-181*, the court denied leave to proceed pseudonymously because the plaintiff's information had been readily available online via the Tennessee sex offender registry since 1998. 2022 WL 1210429 at *2. In contrast, Plaintiff's information was removed from the Michigan sex offender registry in 2019 and not added to the Tennessee sex offender registry until February 2022. (Declaration of Doe #11 at ¶¶ 5–6). Information about his conviction is not available via the Michigan Department of Corrections' free, searchable database and cannot be obtained from the Michigan State Police database without paying a fee and knowing Plaintiff's date of birth. Thus, but for his inclusion on the Tennessee sex offender registry, information about Plaintiff's conviction and detailed personal information described above would not be readily available online.

By seeking removal from the Tennessee sex offender registry, Plaintiff seeks—among other relief—to return to the status quo *ex ante,* the relative anonymity he enjoyed before Tennessee enforced SORA against him. If Plaintiff must proceed under his own name, he cannot regain the anonymity he lost because this case itself will create a permanent[6] public record on the internet identifying Plaintiff as a sex offender. The record will not just be on PACER. Running a Google search for "Doe #11 v. Lee" produces a hit for a web site that reproduces the docket report for this case, <https://dockets.justia.com/docket/tennessee/tnmdce/3:2022cv00338/90411> (last accessed June 7, 2022) as well as hits for numerous other sex offender registry challenges in this District. If Plaintiff must proceed under his true name, a search of his true name will produce comparable hits and constitute a permanent internet record of his sex offender registry status that would never have existed but for SORA's *ex post facto* enforcement against him. Returning to the status quo *ex ante* will be impossible. Proceeding pseudonymously prevents that irreparable loss of remedy.

---

[6] "The Internet is forever." Anonymous. *See Nelson v. Bender,* 3:15-64, 2015 WL 8207490, at *3 (W.D. Pa. Dec. 7, 2015) ("Plaintiff's criminal record has since been expunged. Media accounts of Defendant Bender's filing of felony criminal charges against Plaintiff will remain on the Internet forever.") (internal citation omitted).

### 3. Permitting Plaintiff to proceed pseudonymously will not prejudice Defendants or the public interest.

When considering whether allowing a plaintiff to proceed pseudonymously will prejudice the defendant's right to mount a defense, courts consider "difficulties in conducting discovery," the "reputational damage to defendants," the "fundamental fairness of proceeding anonymously," and whether "concealing the name of a party could deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses." *Fedex Ground Package Sys., Inc.*, 2021 WL 5041286 at *6 (internal citation and quotation marks omitted). None of those weigh against Plaintiff's anonymity in this case:

- Plaintiff's anonymity would not pose difficulties in discovery because Defendants would know his true name and be free to serve written discovery, take his deposition, and use his true name to access his SOR file, criminal record, and other public records.

- The risk that Plaintiff's anonymity might prevent witnesses from coming forward is negligible because his *ex post facto* claim does not turn on specific factual claims about himself that witnesses who know him might undermine. Facts specific to Plaintiff, other than the date of his offense, are of "limited importance" because "constitutional *ex post facto* protections…do not depend on the effect that a challenged law has on a single individual, but rather the punitive nature of the statute on its face." *Reid v. Lee*, No. 3:20-CV-00050, 2022 WL 1050645, at *9 (M.D. Tenn. Apr. 7, 2022) (quoting *Seling v. Young*, 531 U.S. 250, 262 (2001)) (internal citation and quotation marks omitted).

- Plaintiff's *ex post facto* claim against Defendants in their official capacity does not harm their reputations, and any theoretical reputational harm would be the same whether Plaintiff is anonymous or not. *See Fedex Ground Package Sys., Inc.*, 2021 WL 5041286 at *6 (defendants' reputational harm not significant because defendants "are business entities rather than individuals" and any harm "will be the same, irrespective of whether the plaintiffs are permitted to proceed anonymously").

## CONCLUSION

Allowing Plaintiff to proceed pseudonymously will prevent harassment, preserve Plaintiff's ability to regain the relative anonymity he enjoyed before SORA's enforcement, and will not prejudice Defendants or the public interest. For these reasons, Plaintiff requests the Court to: (1) enter an order allowing Plaintiff to proceed in this action under the pseudonym "John Doe #1" and requiring that any documents containing Plaintiff's true name or other information that would identify Plaintiff, directly or indirectly, be redacted or filed under seal; and (2) grant any other necessary or proper relief.

Dated: June 7, 2022.

Respectfully submitted:

/s/ W. Justin Adams
Edward M. Yarbrough (TN BPR # 004097)
Jonathan P. Farmer (TN BPR # 020749)
W. Justin Adams (TN BPR # 022433)
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, Tennessee 37219
Telephone: 615-238-6300
eyarbrough@spencerfane.com
jfarmer@ spencerfane.com
wjadams@ spencerfane.com

Plaintiff's Counsel

## CERTIFICATE OF SERVICE

I certify that on June 7, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by email:

Rob Mitchell, Esq.
Miranda H. Jones, Esq.
Scott Sutherland, Esq.
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-0207
robert.mitchell@ag.tn.gov
miranda.jones@ag.tn.gov
scott.sutherland@ag.tn.gov

Counsel for Defendants

/s/ W. Justin Adams
W. Justin Adams