IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOHN DOE #11 ) | |
| ) | Case No. 3:22-cv-00338 |
| v. ) | Judge Richardson |
| ) | Magistrate Judge Holmes |
| WILLIAM B. LEE, Governor of the ) | |
| State of Tennessee *et al*. ) | |

**O R D E R**

Pending before the Court is Plaintiff's motion for leave to proceed under a pseudonym and for a protective order. (Docket No. 11.) Defendant filed a response in opposition (Docket No. 28), and Plaintiff filed a reply (Docket No. 34). For the reasons set out below, the motion is DENIED.

**BACKGROUND**

Plaintiff John Doe #11 is one of various plaintiffs in numerous pending cases who challenge application and (or) constitutionality of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004 ("SORA").[1] Plaintiff contends that subjecting him to SORA's requirements violates the Ex Post Facto Clause[2] and therefore his constitutional right against retroactive punishment.

In the instant motion, Plaintiff requests to proceed anonymously as "John Doe #11,"[3] which he contends is necessary because requiring him to proceed under his own name would subject him

---

[1] The underlying facts and background in this case are amply set out in Judge Richardson's memorandum opinion (Docket No. 39) and are recited again here only as necessary to explain or give context to the Court's ruling. Unless otherwise noted, the facts are taken from the record and are undisputed.

[2] *See* Memorandum Opinion, Docket No. 39 at 3 n.2.

[3] The recent proliferation of litigation challenging SORA's constitutionality has resulted in numerous cases with similar names. *Compare, e.g., Doe v. Lee*, No. 21-cv-00028, 2021 WL 1907813 (M.D. Tenn. May 12, 2021), *with Doe v. Lee*, No. 21-cv-010, 2022 WL 452454 (E.D. Tenn. Feb. 14, 2022). Although Plaintiff is the only plaintiff in this case, he designated himself as "John Doe #11" in the hope that the Court would grant his motion to consolidate this case with that of the first ten

and his family to significant harm due to the stigmatization associated with registered sex offenders. In addition to permission to proceed pseudonymously, Plaintiff also requests a protective order that any court documents containing Plaintiff's true name, directly or indirectly, be redacted or filed under seal. Defendants counter that information about Plaintiff's sex offender registration status in Tennessee is currently public information and was previously public information in Michigan from the time of his conviction in 2002 for criminal sexual contact with his 14-year-old stepchild until 2019, when, according to Plaintiff, Michigan stopped enforcing its sex offender law against him and many other offenders based on rulings in federal court litigation.

## LEGAL STANDARDS AND ANALYSIS

As a rule, a complaint must state the names of the parties. Fed. R. Civ. P. 10(a). "Plaintiffs are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this rule." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). Whether to allow a party to proceed under a pseudonym is within the sound discretion of the court but should be permitted only if the privacy interests of the party seeking anonymity substantially outweigh the strong presumption in favor of open judicial proceedings. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

This determination is informed by several, non-exclusive considerations, including: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff is a child. *Id*. (citing *Doe v. Stegall*, 653 F.2d 180,

---

John Does (Docket No. 8), which is pending under Case No. 3:21-cv-00590. The Court however denied that motion. (Docket No. 24.)

185-86 (5th Cir. 1981)).[4] In arriving at its conclusion, the court must "start from the premise that proceeding pseudonymously is the exception, rather than the rule." *Doe v. Franklin County, Ohio*, 2013 WL 5311466, at *2 (S.D. Ohio Sept. 20, 2013) (citation omitted). "Other factors that may be considered include whether the plaintiff would risk suffering injury if identified and whether the defendant would be prejudiced by the plaintiff's proceeding anonymously." *Doe v. Fedex Ground Package Sys., Inc.*, 2021 WL 5041286, at *5 (M.D. Tenn. Oct. 29, 2021) (internal citations omitted).

### This Litigation Involves a Challenge to Governmental Activity, Which is Not Dispositive

Here, there is no dispute that the first consideration weighs in favor of Plaintiff's request because he is challenging governmental activity, namely, application of SORA. However, this consideration alone does not compel allowing Plaintiff to proceed anonymously. Other plaintiffs who have challenged governmental activity have nonetheless been required to proceed under their own names. *See e.g. Doe v. Webster County*, 2022 WL 124678, at *3-4 (W.D. Ky. Jan. 12, 2022) (plaintiffs who accused county corrections officer of harassment and sexual assault not permitted to proceed by pseudonyms because their interests did not substantially outweigh the presumption of open judicial proceedings); *Doe v. Univ. of Akron*, 2016 WL 4520512, at *4-5 (N.D. Ohio Feb. 3, 2016) (plaintiff, who brought lawsuit following her expulsion from law school for violation of honor code by plagiarizing her LLM thesis, was not permitted to proceed pseudonymously despite claims that disclosure of her name would disclose sensitive medical information and cause reputational harm).

---

[4] It is undisputed that the third and fourth considerations do not apply. Plaintiff is not a child and this litigation does not compel to Plaintiff to disclose an intention to violate the law and risk criminal prosecution.

3

**This Litigation Involves Sensitive and Personal Information,
But the Information is Not Private and, Even if Private, the
Possibility of Disclosure is Not Dispositive**

Plaintiff argues that the second consideration of compulsory disclosure of information of the "utmost intimacy" warrants the requested relief because "much of the information disclosed in the Complaint, and much of the information likely to be disclosed during discovery and litigation, is highly personal, including information about Plaintiff's family members." (Docket No. 11 at 4). Defendants contend that Plaintiff has not demonstrated that any highly intimate information is likely to be at issue and that Plaintiff's name and the circumstances of his conviction are already matters of public record. (Docket No. 28.)

Plaintiff does not specifically address the *Porter* considerations, including that he does not explain what intimate information he will be forced to disclose in this lawsuit, other than to describe it as "highly personal, including information about Plaintiff's family members." (Docket No. 11 at 4.) If Plaintiff simply means his name (including from which any other information could be derived), the Court finds that disclosure of a party's name does not meet the definition of "information of the utmost intimacy." *See Doe v. Lee*, Case No. 3:22-cv-00181, 2022 WL 1210429, at *2 (M.D. Tenn. Apr. 22, 2022) ("Doe -181").[5] Finding otherwise would completely undermine

---

[5] As Judge Frensley stated in denying similar motion in a different SORA case:

> Although Mr. Doe maintains that he also satisfies the second factor, he does not explain what "information of the utmost intimacy" he will be compelled to disclose in the prosecution of this suit. See Docket No. 7. If he simply means his name, the Court finds that this does not meet the definition of "information of the utmost intimacy." To the extent that he intends to indicate information related to his past offense, Mr. Doe does not dispute Metro's assertion that all the information related to his offense, including his identity, has been a matter of public record for nearly thirty years, and readily available to the public online for more than twenty. Such information is no longer "intimate," if it ever was, and Mr. Doe does not identify any other intimate information that he expects to come to light as a result of this lawsuit.

4

the clear and long-standing authority that litigants must proceed under their own names. Although the offense of which Plaintiff was convicted is sensitive and personal, that characterization does not by itself entitle Plaintiff to proceed anonymously. *See Doe v. Weinstein*, 484 F.Supp.3d 90, 94 (S.D. N.Y. 2020) (collecting cases recognizing that allegations of sexual assault, by themselves, are not enough to warrant proceeding pseudonymously).

Moreover, information about Plaintiff's conviction is neither intimate nor private as the general details are already publicly available on Tennessee's sex offender registry and, before that, were publicly disclosed on Michigan's registry for some 17 years. *Doe -181*, 2022 WL 1210429, at *2.[6] Plaintiff does not dispute that information about his conviction is a matter of public record. Rather, he asserts that his "status as a convicted sex offender is not readily ascertainable via a free internet search." (Docket No. 34 at 1.) Plaintiff offers no authority to support his implication that

---

*Doe -181*, *id*. Plaintiff refers to *Doe -181* as "a clear outlier." (Docket No. 34 at 3 n. 5.) Plaintiff does not, however, describe the specific circumstances or attributes of *Doe -181* that warrant characterization of that case as an outlier. Presumably, the distinction is because the plaintiff in *Doe -181* had been on the Tennessee sex offender registry for decades, when here Plaintiff has only been on the Tennessee sex offender registry since February of 2022 and prior to that had not been on the Michigan sex offender registry for a few years. Regardless of any difference in timing, in both cases, the plaintiff's conviction as a sex offender predated SORA and both Plaintiff here and the plaintiff in *Doe -181* were on the Tennessee sex offender registry when the litigation commenced. The Court finds Plaintiff's attempt to distinguish *Doe -181* unavailing.

[6] As discussed at length by Judge Richardson in his memorandum opinion, Plaintiff's status on the sex offender registry will continue pending further proceedings in this case. *See* Docket Nos. 39 at 25-27 and 40. The Court recognizes Plaintiff's argument that the relief he seeks in this case is removal from the Tennessee sex offender registry and if he is compelled to proceed under his own name, "he cannot regain the anonymity he lost." (Docket No. 34.) This argument, however, supposes a fact that is incorrect. Simply because Michigan may not have enforced its version of SORA against Plaintiff after 2019 and access to the Michigan criminal conviction records requires some effort does not mean that Plaintiff was anonymous between 2019 and February 2022 when he was placed on the Tennessee sex offender registry. Further, even if Plaintiff can reasonably and legally claim some measure of temporary anonymity, he forfeited any secrecy about his identity and his conduct when he brought this lawsuit. See discussion of *D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016) below.

matters of public record that are not readily and freely obtainable are "information of the utmost intimacy" for purposes of the *Porter* considerations.[7]

Essentially, then, Plaintiff's argument boils down to a claim that he will face some additional risk of harassment or a safety threat if it becomes publicly known not just that he is a sex offender, but that he is a sex offender who is challenging SORA in court because that will require him to "take[] an unpopular position against a popular governmental activity." (Docket No. 34 at 2.) But that is not enough to overcome the strong presumption of open judicial proceedings. Plaintiff relies on *Porter* as the basis for his argument that his challenge of SORA weights the second consideration in his favor. The Court is unpersuaded. In *Porter*, the Sixth Circuit expressly noted that lawsuits brought on behalf of children warrant "heightened protection." 370 F.3d at 561. The Sixth Circuit also described viewpoints about religion, which were at issue in *Porter*, as "quintessentially private." *Id.* at 560. Neither of those circumstances exist here.

Simply because a party wants to keep their personal conduct or circumstances private is not enough to outweigh the presumption of open judicial proceedings. *See e.g. Webster County*, 2022 WL 124678, at *3-4 (plaintiffs who accused county corrections officer of harassment and sexual assault not permitted to proceed by pseudonyms because their interests did not substantially outweigh

---

[7] Plaintiff cites to several cases in which sex offenders pursuing challenges to sex offender registry laws proceeded anonymously. However, in the cited local cases, unlike here, the plaintiffs proceeded by pseudonym without opposition. *See e.g. Doe v. Lee et al.*, 3:16-cv-02862 (motion to proceed pseudonymously and for protective order, Docket No. 2, granted, Docket No. 30, without opposition); *Does #1-3 v. Lee*, 3:19-cv-00532 (same, Docket Nos. 2 and 12); *Does #1-9 v. Lee*, 3:21-cv-00590 (same, Docket Nos. 6, 32, 44, and 49). And in the out-of-district cases relied upon by Plaintiff, the central issue was not whether the plaintiffs could proceed pseudonymously. *See Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016); *Doe v. Rausch*, 461 F.Supp.3d 747 (E.D. Tenn. 2020); *Doe v. Rausch*, 382 F.Supp.3d 783 (E.D. Tenn. 2019). In only one of the cases was the plaintiff's use of a pseudonym even mentioned and then only in passing that "[P]laintiff requested and was granted leave to proceed under a pseudonym", without any further discussion. *Doe v. Rauch*, 382 F.Supp.3d at 788 n.1. Consequently, none of the cited cases provide guidance for the outcome in this case.

the presumption of open judicial proceedings); *Plaintiff v. Wayne State University*, 2021 WL 243155, at *6 (E.D. Mich. Jan. 29, 2021) (plaintiff expelled from medical school for sexual misconduct not permitted to proceed anonymously); *Doe v. Doe*, 2020 WL 4057547, at *1 (N.D. Ohio July 20, 2020) "While the parties may wish to keep discussions of their sexual activity private, this preference does not outweigh the presumption of open judicial proceedings.")

Further, the Court presumes that Plaintiff considered the possible disclosure of underlying facts before filing his complaint. As the Sixth Circuit noted, even when a statute protects the privacy of a plaintiff's pre-litigation conduct, that plaintiff forfeits whatever right to privacy they might have had when they elect to bring a lawsuit that involves the circumstances of the conduct. *D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016). In the *D.E.* case, the plaintiff took a wrong turn on his way to summer camp and wound up, not in Michigan, but at the international border with Canada. Although the plaintiff followed directions to turn around without crossing the border, Customs and Border Protection officers searched his vehicle and discovered marijuana and drug paraphernalia. The plaintiff pled guilty in state court to misdemeanor possession of drug paraphernalia and his conviction and all proceedings regarding the criminal charge were closed to public inspection under a state law designed to help young people avoid the stigma of a criminal record resulting from an immature act or decision. Notwithstanding this statutory protection of privacy, the Sixth Circuit concurred with the trial court that the plaintiff "forfeited his ability to keep secret his actions at the international border … when he sued the United States Customs and Border Patrol agents." *Id*.

The same is true here, only even more compellingly so, because Plaintiff's conviction as a sex offender is not a secret but a matter of public record. When Plaintiff decided to challenged SORA, he forfeited any ability he might have had to keep private the circumstances of his prior conviction. *See also Endangered v. Louisville/Jefferson County Metro Government Dept. of Inspections*, 2007 WL 509695, at *2 ( W.D. Ky. Feb. 12, 2007) (plaintiffs' mobility disabilities would

7

be apparent to the casual observer and did not constitute intimate information relevant to the claims of inaccessibility of the subject sidewalk).

### **Plaintiff's Allegations of Harm Are Insufficient**

Further, while Plaintiff offers scholarly support for the proposition that registered sex offenders are susceptible to vigilante attacks (*see* Docket No. 11 at 3), he offers no evidence that he has personally suffered any harassment or is at risk of actual harm, despite having been on the Michigan sex offender registry for some 17 years. Plaintiff contends that publicity that "could make it harder … to obtain or maintain employment and housing in the future and expose Plaintiff and Plaintiff's family to public embarrassment, humiliation, and harassment). (*Id*.). However, it appears there is already public knowledge about Plaintiff's circumstances, including about the SORA restrictions imposed by Tennessee law enforcement, *see* Docket Nos. 1 (complaint) and 27 (Plaintiff's declaration), and Plaintiff has offered no evidence or even argument that he suffered actual harm.[8] Plaintiff's generalized concerns that he will be subjected to public embarrassment and humiliation are not enough "standing alone to overcome the presumption in favor of the disclosure of litigants' true names." *Ramsbottom v. Ashton*, 2021 WL 2651188, at *4 (M.D. Tenn. June 28, 2021). In the *Ramsbottom* case, a plaintiff was not permitted to proceed pseudonymously even though her claims involved allegations that, when a minor, she was the victim of child sexual abuse and trafficking. *Id*. If the circumstances of being an alleged child victim of sexual abuse and trafficking are not enough to compel anonymity, it is difficult to conceive how Plaintiff's circumstances here, which are based on his own conduct and prior criminal history, warrant any different outcome.

---

[8] Plaintiff's declaration is sealed pursuant to a pending motion to seal based on the same arguments for anonymity. The motion to seal remains under advisement and will be ruled on separately.

### Permitting Plaintiff to Proceed by Pseudonym Will Not Prejudice Defendants, But That Consideration is Not Dispositive and is Outweighed by the Strong Presumption in Favor of Open Judicial Proceedings

In his reply, Plaintiff also argues that permitting him to proceed pseudonymously will not prejudice Defendants or the public interest. (Docket No. 34 at 5.) The Court does not find that Defendants will suffer any undue prejudice if Plaintiff proceeds anonymously. Defendants know (or can find out) Plaintiff's identity and otherwise proceed with preparation of this case. However, whatever weight this consideration adds to granting Plaintiff's motion is overcome by the strong presumption in favor of open judicial proceedings. *See Porter*, 370 F.3d at 560; *see also Signature Mgmt. Team, LLC v. Doe*, 323 F.Supp.3d 954, 959 (E.D. Mich. 2018) ("The public has a right to know who the parties are in almost every case before a federal district court as a matter of 'public confidence in and understanding of the judicial system.'") (quoting *Signature Mgt. Team v. Doe*, 876 F.3d 831, 838 (6th Cir. 2017)).[9]

### Plaintiff Has Not Demonstrated a Sufficient Basis for the Requested Protective Order to Seal Documents

Consistent with the presumption favoring open courts, the Sixth Circuit has expressed its strong disfavor for restricting public access to information about court proceedings. *See e.g. Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589 (6th Cir. 2016), *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016), and *Beachamp v. Federal*

---

[9] As noted by this Court, the consideration of the public interest is not a factor "requiring special consideration." *Fedex Ground*, 2021 WL 5041286, at *9 (internal citations omitted). Rather, the Court must consider the presumption in favor of open proceedings and whether Plaintiff has "established the existence of special circumstances that warrant overriding that presumption in favor of allowing them to proceed pseudonymously." *Id*. Further, "[t]he public's legitimate interest in knowing litigants' identities is 'magnified' when, as here the plaintiff brings claims against a public figure." *Ramsbottom*, 2012 WL 2651188, at *8. Even though the claims are against Defendants in their official capacities, there is a substantial public interest in how government officials carry out their official duties.

*Home Loan Mortg. Co.*, 658 F.App'x 202 (6th Cir. 2016) (all holding that courts must sparingly seal documents and only when supported by compelling facts and supporting legal authority). The Sixth Circuit has made clear that "only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1982). In civil litigation, these reasons include, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence …" *Rudd*, 834 F.3d at 594-95 (internal quotation marks and citation omitted). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Grp.*, 825 F.3d at 305 (6th Cir. 2016). "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.' " *Id.* at 305-06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). Similarly, "a district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public,'" even if neither party objects to the motion to seal. *Id.* at 306, *quoting Brown & Williamson*, 710 F.2d at 1176. "A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody." *Id.* at 307. This is because litigants cannot waive the public's First Amendment and common law rights of access to court filings. *Rudd*, 834 F.3d at 595. The "greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305.

      The information that Plaintiff seeks to have sealed – his true name – does not fall into one of the categories established by the Sixth Circuit in setting forth its standard for the sealing of documents. His name does not constitute a trade secret, it is not covered by a recognized privilege, and it is not information required by statute to be maintained in confidence. *See Rudd*, 834 F.3d at 594-95. There is no information before the Court that would justify the sealing that Plaintiff requests.

### The Balance of Interests Weighs Against Anonymity

For all these reasons, the Court finds that Plaintiff cannot meet the legal standards required to proceed under a pseudonym or for a protective order. The fundamental question is whether Plaintiff has a privacy interest that "substantially outweighs the strong presumption in favor of open judicial proceedings." *Porter*, 370 F.3d at 560. The Court finds that Plaintiff has an interest in keeping his identity private. However, that interest is mitigated by the fact that Plaintiff's identity and his conviction as a sex offender are matters of public record. Further, although some of the *Porter* considerations weigh in Plaintiff's favor, those findings are not dispositive, and other considerations weigh heavily against anonymity. On balance, the Court finds that Plaintiff has not provided sufficient justification to overcome the public's interest in open courts.

### CONCLUSION

Based on the foregoing, Plaintiff's motion for leave to proceed under a pseudonym and for a protective order (Docket No. 11) is DENIED. Within **fourteen (14) days** from the date of this Order, Plaintiff must file a notice containing his true name.[10] The Clerk is DIRECTED to, at that time, update the case caption. Further, all filings after the filing of Plaintiff's notice of his true name must contain Plaintiff's name.

**It is SO ORDERED.**

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[10] Plaintiff is cautioned that failure to identify himself as directed may result in dismissal of this action. *See Doe v. Carson*, 2020 WL 2611189, at *3 (6th Cir. May 6, 2020) (district court did not abuse discretion in dismissing plaintiff's case for failure to file an amended complaint identifying herself) (internal citation omitted).