IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DOE #11, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:22-cv-00338 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| LEE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's motion (Doc. No. 44, "Motion"), supported by a memorandum (Doc. No. 45, "Memorandum in Support of the Motion"), to review the Magistrate Judge's order (Doc. No. 42) denying Plaintiff's motion (Doc. No. 10) to proceed under a pseudonym and for a protective order. Defendant filed a response (Doc. No. 55), and Plaintiff filed a reply (Doc. No. 58). Plaintiff has also filed several motions for leave to file documents under seal. (Doc. Nos. 14, 26, 47, 56, 59). All of Plaintiff's motions for leave to file documents under seal are predicated on his argument that he should be permitted to proceed under a pseudonym and seek to redact his personally identifying information. For the reasons stated herein, the Motion is DENIED. For the same reasons, Plaintiff's motions for leave to file documents under seal at Doc. Nos. 14, 26, 47, 56, and 59 are DENIED.

BACKGROUND

The facts of this case are stated in detail in the Court's memorandum opinion on Plaintiff's motion for a preliminary injunction (Doc. No. 39) and need not be restated here in full. The Court

instead provides an overview of the relevant allegations, procedural history, and respective positions of the parties as is necessary to resolve the present motion.

As explained by the Magistrate Judge, Plaintiff is one of various plaintiffs in several pending cases challenging the application and/or constitutionality of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004 ("SORA."). (Doc. No. 42 at 1). Plaintiff alleges that subjecting him to SORA's requirements violates the Ex Post Facto Clause of the United States Constitution and therefore his constitutional right against retroactive punishment. (*Id.*).

Plaintiff filed a motion to proceed under a pseudonym and for a protective order (Doc. No. 10), in which he requested to litigate the action anonymously and requested that any court documents containing his true name, directly or indirectly, be redacted or filed under seal. The Magistrate Judge denied Plaintiff's motion and ordered Plaintiff to file a notice containing his true name. (Doc. No. 42). On July 7, 2022, Plaintiff filed the Motion, asking the Court[1] to review (and reverse) the Magistrate Judge's order at Doc. No. 42. (Doc. No. 44). In light of the pendency of the Motion, the Magistrate Judge granted a stay of her order denying Plaintiff's request to proceed under a pseudonym and requiring him to post notice of his true name. (Doc. No. 49).

In his Memorandum in Support of the Motion, Plaintiff asks the Court to overturn the Magistrate Judge's order at Doc. No. 42 on the grounds that he ought to be allowed to litigate the action anonymously and be afforded a protective order for documents filed on the record containing his name. (Doc. No. 45 at 1–3). Defendants oppose Plaintiff's request *in toto*. (Doc. No. 55).

---

[1] As used herein, generally "the Court" refers specifically to the undersigned district judge as distinguished from the Magistrate Judge assigned to this case.

LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 72(a), the Court may modify or set aside any part of a Magistrate Judge's Order on a non-dispositive matter that is clearly erroneous or is contrary to law. The "clearly erroneous" standard applies only to factual findings, while legal conclusions are reviewed under the "contrary to law" standard. *Norfolk Cty Ret. Sys. v. Cmty. Health Sys., Inc.*, No. 3:11-cv-00433, 2019 U.S. Dist. LEXIS 112291, 2019 WL 3003647, at * 1 (M.D. Tenn. Apr. 19, 2019); *Equal Emp't Opportunity Comm'n v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009). This standard is deferential, and mere disagreement with the Magistrate Judge and/or an assertion that the Magistrate Judge should have ruled differently does not rise to a clear error of fact or a decision contrary to law. *See Shabazz v. Schofield*, No. 3:13-CV-00091, 2014 U.S. Dist. LEXIS 163642, 2014 WL 6605504, at *1 (M.D. Tenn. Nov. 19, 2014) ("The Court is not empowered to reverse the magistrate judge's finding simply because this Court would have decided the issue differently."). When examining legal conclusions under the contrary-to-law standard, a court may overturn any conclusions of law that contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. *See Vanderbilt Univ. v. Scholastic, Inc.*, 321 F. Supp. 3d 830, 832-33 (M.D. Tenn. 2018).

DISCUSSION

As a general matter, a complaint must name all parties. *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In limited circumstances, the court may allow plaintiffs to proceed under a pseudonym. *See id.* However, the plaintiffs must show that their "privacy interests substantially outweigh the presumption of open judicial proceedings." *See id.* In determining whether plaintiffs have met this burden, courts consider the following the factors: "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will

compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *See id.* (internal quotation marks omitted). The *Porter* factors, as they have come to be known, are not exhaustive; courts can consider other relevant factors as put forth by the parties in determining whether a plaintiff should be allowed to proceed under a pseudonym in a pending lawsuit (and remain under that pseudonym after the resolution of the lawsuit because the permanent record of the suit continues to exist as a matter of public record). *Doe v. Metro. Gov't of Nashville and Davidson Cty. Tennessee*, Civ. No. 3-21-cv-00038, 2022 WL 2293898 (M.D. Tenn. June 24, 2022) (explaining that the *Doe v. Porter* factors are non-exhaustive).

As discussed in further detail below, Plaintiff argues that the Magistrate Judge's *Porter* analysis was contrary to law because it treated fulfillment of each of the *Porter* factors as necessary to granting Plaintiff's relief of proceeding pseudononymously. He also argues that there are non-*Porter* factors that weigh in his favor that were also improperly considered by the Magistrate Judge.[2] Plaintiff argues the Magistrate Judge committed clear error when she found that Plaintiff did not sufficiently demonstrate that he stood a risk of harm or retaliation if his name were publicly disclosed in connection with this lawsuit. He also contends that the Magistrate Judge's reasoning was contrary to law when she found that he forfeited his ability to protect his anonymity when he filed this suit.[3] The Court addresses each of Plaintiff's arguments in turn below.

---

[2] While Plaintiff notes his disagreement with the Magistrate Judge's consideration of the second *Porter* factor, *i.e.*, whether Plaintiff is disclosing information of the utmost privacy in having to disclose his name and the consequences thereof, he provides no argument as to this issue in his brief. (Doc. No. 45 at 7). Therefore, the Court does not address this issue in the resolution of Plaintiff's Motion.

[3] As discussed below, Plaintiff frames this argument as challenging the Magistrate Judge's conclusion on clear error. However, the Court finds that the Magistrate Judge's conclusion was a legal conclusion and therefore is properly evaluated by the district court under the contrary to law standard.

1. **The Magistrate Judge's *Porter* Analysis**

Plaintiff asserts that the Magistrate Judge's reasoning was contrary law because it treated fulfillment of each *Porter* factor as required for Plaintiff to be successful in granting Plaintiff's requested relief rather than engaging in a balancing approach. (Doc. No. 45 at 8). Specifically, Plaintiff asserts that in her *Porter* analysis, the Magistrate Judge treated the fact that Plaintiff—in contrast to the plaintiff in *Porter*—is not a child and does not seek to prevent disclosure of a religious view, as a *sine qua non* in her *Porter* factor analysis. (*Id.* at 8). In Plaintiff's view, this reasoning was contrary to law because no single *Porter* factor is necessary to a finding that a plaintiff is allowed to proceed pseudonymously.

As Plaintiff suggests, a plaintiff does not have to fulfill every *Porter* factor to be allowed to proceed under a pseudonym, and no one *Porter* factor is dispositive in the outcome of such a decision. *See Doe v. Whitmer*, No. 1:19-cv-422, 2019 WL 4645686, at *2 (W.D. Mich. July 1, 2019) ("No one factor is dispositive."). The factors are merely "one piece of the puzzle," which are used to aid courts in determining whether a plaintiff has met his or her burden in demonstrating that the need for anonymity substantially outweighs the presumption that a party's identity is public information. *See Doe v. Kentucky Cmty. & Tech. College System*, No. 20-6, 2020 WL 998809, at *2 (E.D. Ky. Mar. 2, 2020).

While Plaintiff's argument is not a model of clarity in that it does not make clear exactly what *Porter* factor it views the Magistrate Judge as treating as a requirement, the Court in any event disagrees with Plaintiff's characterization of the Magistrate Judge's reasoning. The Magistrate Judge's contrasting of the facts of this case with the facts in *Porter* did not reflect that she viewed any one *Porter* factor as dispositive as to whether Plaintiff would be allowed to proceed under a pseudonym. On the contrary, the Magistrate Judge appropriately pointed out that the only

*Porter* factors in applicable to this case were the first and second—whether the plaintiff seeking anonymity is suing to challenge a governmental activity and whether the prosecution of the suit will compel plaintiff to disclose information of the utmost intimacy. (Doc. No. 42 at 3 n.4). The Magistrate Judge gave due consideration to both factors. The Magistrate Judge noted that the particular privacy imperatives highlighted in *Porter*—*i.e.*, protection of children on whose behalf litigation was brought and protection of litigants' religious views—were not implicated in the present case. The Magistrate Judge went on to analyze additional non-*Porter* factors affecting whether Plaintiff should be allowed to proceed under a pseudonym. Indeed, the Magistrate Judge analyzed Plaintiff's allegation of the threat of harm if he is forced to proceed under his true name and the potential prejudice to Defendants if Plaintiff is permitted to proceed under a pseudonym. (*Id.* at 8–9). The Magistrate Judge's analysis therefore reflects that she did not treat any of the *Porter* factors applicable and in dispute in the case as required (a *sine qua non*). The Magistrate's reasoning on this point was therefore not contrary to law.

   2. **The Magistrate Judge's Consideration of Plaintiff's Allegation that He Feared Risk of Harm for Being on the Sex Offender Registry and Retaliation for Filing this Suit**

      a. The Magistrate Judge did not commit clear error in holding that a party's desire "to keep their personal conduct or circumstances private is not enough to outweigh the presumption of open judicial proceedings."

   Plaintiff additionally argues:

   . . . [T]he Magistrate Judge held that a party's desire "to keep their personal conduct or circumstances private is not enough to outweigh the presumption of open judicial proceedings." This reasoning is clearly erroneous because it attributes to Plaintiff a factual claim he did not make. Plaintiff does not fear disclosure of his personal conduct; he fears retaliation for being known as a sex offender the legislature has declared a danger to public "safety" who is trying to "overturn" a law the legislature has declared necessary to "protect" the public against him

(Doc. No. 45 at 8 (quoting Doc. No. 42 at 6)). The Court rejects this argument out-of-hand because it ultimately is non-sensical. Specifically, it calls the Magistrate Judge's "reasoning" "clearly

erroneous." The "reasoning" here is actually a holding—as Plaintiff himself indicates—meaning that it is a legal conclusion, not a factual finding. But a legal conclusion is not subject to the "clearly erroneous" standard, and so it makes no sense to challenge the quoted statement as clearly erroneous.

Having indicated that his complaint here is about a legal conclusion, Plaintiff pivots and attempts to make it about a factual matter (and thus subject to the "clearly erroneous" standard) because it attributes to Plaintiff a factual claim that he did not make [*i.e.*, that Plaintiff feared disclosure of his personal conduct]." (*Id.*). But this is really a claim about the Magistrate Judge misconstruing his argument; Plaintiff claims that his argument before the Magistrate Judge was that he feared not disclosure of personal conduct or circumstances, but rather retaliation for being a known sex offender challenging SORA. (*Id.* at 8–9). When a Magistrate Judge misconstrues a party's argument, that *could* contribute to a finding that the Magistrate Judge's ruling was contrary to law or that the Magistrate Judge made a clear error of law. But the mere misconstruing itself does not establish either, and nowhere does Plaintiff state how the Magistrate Judge clearly erred in finding some substantive underlying fact(s)—as opposed to erred in construing Plaintiff's argument related to those facts. Thus, the Court would reject a claim that the Magistrate Judge committed a clear error of fact even if it were to reach this argument (which, as noted above, the Court would not reach).

Perhaps what Plaintiff means to say is that the Magistrate Judge erred in not finding that Plaintiff feared retaliation (instead of disclosure of personal conduct or circumstances). If so, the Court would decline to reach it here because it was not clearly presented (or evidentially supported in this ("Third," (*id.* at 9)) argument. Such an argument dovetails with the argument of Plaintiff that the Court considers next (Plaintiff's "Fourth" argument, (*id.* at 10)).

b. The Magistrate Judge Did Not Commit Clear Error When She Found that Plaintiff had Not Provided Sufficient Evidence to Demonstrate That He is at Risk of Actual Harm or Retaliation

Plaintiff alleges that the Magistrate Judge committed clear error when she found that Plaintiff had provided no evidence that he personally is at risk of actual harm or retaliation.[4] In his memorandum in support of his motion to proceed under a pseudonym (Doc. No. 11) and his Memorandum in Support of the Motion (Doc. No. 45), Plaintiff repeatedly states that he fears harm for public exposure in connection with his conviction and retaliation for challenging the constitutionality of SORA. In an effort to substantiate these fears, Plaintiff relies on scholarly sources illustrating the alleged heightened risk of harm that registered sex offenders face due to their status on a sex offender registry.[5] (Doc. No. 45 at 10).

Though the Court does not dispute that Plaintiff fears harm and retaliation, fear and risk are distinct concepts. While an individual in some cases will be able to show that their fear is based on a risk of actual harm to them, on other occasions an individual's fear will be based on a generalized anxiety stemming from impersonal statistics. This is problematic for Plaintiff here because when a plaintiff seeks to proceed under a pseudonym, he or she must demonstrate a risk of actual harm; in other words, generalized fear based on statistics without more is insufficient. *See Doe. v. Lee*, 599 F. Supp. 3d 701, 704–705 (M.D. Tenn. 2022) (plaintiff's concern that lawsuit "*might* receive press attention that *might* expose him to harm from members of the public" was speculative and thus insufficient to support his request to proceed under a pseudonym"); *Doe v.*

---

[4] Plaintiff does not define the "harm" that he fears and cites no caselaw that elucidates the meaning of the word in the context of Plaintiff's Motion. Therefore, when the Court refers to "harm" herein, it includes Plaintiff's fear of humiliation, retaliation, embarrassment, and to the extent alleged by Plaintiff, physical harm. Further to this point, Plaintiff repeatedly notes in his Motion that he *fears* harm. As explained above, however, generalized concerns are insufficient to constitute a risk of actual harm.

[5] He further points out that sex offender registries could assist those who wish to harm sex offenders because they reveal the personal information of those who are listed on the registry. (*Id.* at 11).

*Fedex Ground Package System, Inc.*, No. 3-21-cv-00395, 2021 WL 5041286, at *5 ("[T]he potential for embarrassment or public humiliation does not, without more, justify a request for anonymity.").

Therefore, the Magistrate Judge properly sought to determine whether Plaintiff had provided evidence that he suffered a risk of actual harm and was not required to rely on empirical evidence that otherwise did not support a finding that *Plaintiff personally* was at risk of actual harm. And her finding on that issue—that Plaintiff's evidence ultimately fell short because it amounted only to "generalized concerns that he will be subjected to public embarrassment and humiliation"—was not clearly erroneous. (Doc. No. 42 at 8).

Plaintiff goes on to argue that the Magistrate Judge failed to consider that Plaintiff stands to suffer harm not only due to his status as a sex offender, but also because of his unique posture as a sex offender who is challenging the constitutionality of SORA. (Doc. No. 45 at 11). He points out that his anonymity so far in the case ipso facto prevents him from being able to show an actual risk of him. (*Id.* at 11–12). Admittedly, Plaintiff's argument has a superficial appeal. Of course, it is possible that his cloak of anonymity thus far has protected him from the retaliation and the harm (potentially in the form of humiliation) that he fears would result from the disclosure of his true name as the person behind this lawsuit. But as the Magistrate Judge astutely observed, Plaintiff was on the Michigan sex offender registry for "some *17 years*," and he does not provide the Court with a single example of a time when he was put harm's way due to his status. (Doc. No. 42 at 8) (emphasis added); *cf. Doe v. Whitmer*, No. 1-19-cv-422, 2019 WL 4645686, at *2 (W.D. Mich. July 1, 2019) (permitting plaintiff to proceed pseudononymously in part because plaintiff alleges that "during his time on the sex offender registry, members of the public [came] to his resident to confront him regarding his status as a sex offender."), *report and recommendation adopted* 2019

WL 4643706 (W.D. Mich. Sept. 24 2019). And as explained above, the Magistrate Judge was properly concerned with the actual, and not merely fear of, risk of harm and retaliation to Plaintiff.

Further, while the Court appreciates the distinction between the risk of harm to Plaintiff due to his status as a registered sex offender and the risk of retaliation to Plaintiff due to his status as a sex offender who is challenging SORA, the Court reasonably assumes that a person faces a greater risk of harm from public registration as a sex offender than from public disclosure of his challenging a state statute (even a popular one). Thus, the Court finds that the Magistrate Judge did not commit clear error when she found that Plaintiff had not provided sufficient evidence to demonstrate that he is at risk of retaliation due to public disclosure of his name in connection with this lawsuit.

3. **The Magistrate Judge's Findings Regarding his "Relative" Anonymity and his Forfeiture of his Anonymity**

Plaintiff makes several challenges to the Magistrate Judge's analysis regarding the Plaintiff's current anonymity (or lack thereof) as to his conviction and how denying his ability to proceed under a pseudonym will (or will not) prevent his access to the justice system.

Plaintiff first argues that the Magistrate Judge misconstrued Plaintiff's argument regarding his anonymity. (Doc. No. 45 at 13). As explained by Plaintiff, the Magistrate Judge pointed out that Plaintiff has not been anonymous, because information about his conviction is available through ICHAT. (*Id.*). Plaintiff contends that the Magistrate Judge's "reasoning is clearly erroneous" because he purported only to be *relatively* anonymous. But as noted above, the clear error standard is not used to attack a Magistrate Judge's reasoning—when a district court reviews a Magistrate Judge's order resolving a non-dispositive order for clear error, the court is evaluating where the Magistrate Judge made a clear error of *fact*. Plaintiff's Motion is not an opportunity to rehash his arguments before the district court. Because Plaintiff does not allege that the Magistrate

Judge made a clear error of fact, but instead appears to take issue with the Magistrate Judge's rejection of Plaintiff's argument, Plaintiff's argument raised here is not procedurally proper. Further, the Court is not persuaded that the concept of "relative" anonymity is cognizable or helpful in the instant context. The concept of anonymity turns on whether the allegedly sensitive information about the plaintiff information is public—and information about a plaintiff either *is* a matter of public record or it is *not*. Merely because information regarding Plaintiff's conviction may be more difficult to obtain via ICHAT than other methods (such as disclosure on a sex offender registry) does not mean that Plaintiff is existing under partial anonymity with respect to his prior conviction. Instead, it means only that a person would have to work a little harder to obtain already public information.

And having to work to lay one's hands on public information does not destroy its character as public. In the not too distant past, inquiring minds might necessarily have to go to substantial lengths to get information about a person's prior criminal conviction—specifically, by driving to a county courthouse somewhere and filling out forms and so forth to request the file from the person's criminal case; the inconvenience and difficulties of such a process did not make the information in the file anything less than public information.

Plaintiff goes on to challenge the Magistrate Judge's finding that Plaintiff's decision to challenge SORA resulted in him forfeiting his ability to keep private the circumstances regarding his prior conviction. (*Id.* at 9). Plaintiff argues that compliance with SORA's requirements caused him to lose his anonymity in the community, and that the relief potentially afforded by the lawsuit is his chance to regain that anonymity (assuming he is allowed to proceed pseudononymously). (*Id.* at 9–10). As Plaintiff puts it, without permission to proceed under a pseudonym, he would be faced with a Catch-22: do nothing and accept a permanent loss of anonymity under SORA or

challenge application of the statute and nonetheless lose all anonymity by virtue of filing a federal lawsuit. (*Id.* at 10).

Though Plaintiff characterizes the Magistrate Judge's finding as one that is clearly erroneous, suggesting that it is a factual finding, the Court finds that the Magistrate's conclusion as to whether Plaintiff forfeited his anonymity by filing this lawsuit is a legal conclusion and therefore is subject to the contrary-to-law standard.[6] (*Id.* at 9). As noted, an "order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (internal quotation marks omitted).

In support of his argument, Plaintiff directs the Court's attention to *Doe-I-VIII v. Sturdivant* in which the plaintiffs challenged enforcement of Michigan's Sex Offender Registration Act ("MSORA"). No. 06-10214, 2006 WL 8432896, at *1 (E.D. Mich. Apr. 7, 2006). In *Sturdivant*, the court acknowledged that even though the plaintiffs' information was already listed on the Michigan sex offender registry ("SOR"), the plaintiffs were entitled to proceed under pseudonyms because revealing their identities through the lawsuit would subject them to "increased exposure" as to the information they sought to "protect from the public." 2006 WL 8432896, at *1.

The plaintiffs in *Sturdivant*, however, were positioned differently from Plaintiff in this case. Unlike Plaintiff here, whose 2002 conviction for second-degree criminal sexual conduct committed against his 14-year-old stepchild (Doc. No. 39 at 2) is available through ICHAT (and, for all Plaintiff has shown, through other means such as by visiting county or state facilities), the plaintiffs in *Sturdivant* had expunged convictions, which served as the ground for their challenge

---

[6] Plaintiff's argument is arguably procedurally improper given that Plaintiff applies the improper standard of review to the Magistrate Judge's finding. The Court, however, exercises its discretion to consider this argument on the merits as a challenge to a legal conclusion of the Magistrate Judge.

to their status on MSORA. *See Sturdivant*, 2006 WL 8432896, at *1. Therefore, the plaintiffs in *Sturdivant* had their "names, records, and all case information sealed from public inspection pursuant to MCL [Michigan Compiled Laws] § 780.623, expungement." *See id.*, 2-06-cv-10214 ECF No. 7 at 2. Thus, while the court in *Sturdivant* was content in allowing the plaintiffs to proceed anonymously, the court was not faced with the situation before the Court here—*i.e.*, that although denial of the Motion (and the underlying motion to proceed under a pseudonym) would result in Plaintiff's identity as a sex offender being revealed via the instant litigation, the fact of his sex-offense conviction is *already* publicly available. Moreover, the public availability through ICHAT of information disclosing Plaintiff's conviction would remain unaffected by Plaintiff's success in this litigation (*i.e.* removal from SORA). By contrast, had the plaintiffs in *Sturdivant* been forced to proceed under their true names and been successful in the litigation, the record of the federal lawsuit would have permanently undermined the relief they sought because no other public record of their convictions existed due to the expungements. Therefore, the court in *Sturdivant* weighed materially different considerations in its determination. For these reasons, the Court does not find *Sturdivant* persuasive in Plaintiff's favor.

Plaintiff also relies on an unpublished case from the Ninth Circuit, *Doe v. State of Alaska*, in which the court permitted plaintiffs challenging Alaska's Sex Offender Registration Act to proceed pseudonymously. No. 96-35873, 1997 WL 547941 (9th Cir. Sept. 2, 1997). In that case, the plaintiffs sought relief from public identification as sex offenders from the state registration requirements. *See id.* at *1. The court granted the plaintiffs' requested relief, agreeing that disclosure of their identities in the lawsuit "will deny them the very relief they seek." *See id.* Admittedly, *Doe v. State of Alaska* does not appear to present the same material differences as *Sturdivant*. Nonetheless, the Court is not convinced that the Magistrate Judge's reasoning was

contrary to law by not relying on an unpublished case from a different circuit. The court in *Doe v. State of Alaska* provided only a cursory analysis to resolve the plaintiffs' motion to proceed under pseudonyms, and unsurprisingly, did not grapple with the unique facts presented before this Court.

More appropriately than relying on *Doe v. State of Alaska*, the Magistrate Judge analogized to a published, and therefore binding, Sixth Circuit case, *D.E. v. John Doe*. 834. F.3d 723 (6th Cir. 2016). In that case, the plaintiff took a wrong turn on his way to summer camp only to end up at the international border with Canada. *See id.* at 725. A Customs and Border Protection ("CBP") officer searched his car and discovered marijuana and drug paraphernalia. *See id.* The plaintiff pled guilty in state court through Michigan's HYTA program, whereby young people's criminal convictions resulting from an immature act or decision "are closed to public inspection." *See id.* at 728. The plaintiff then sued several individuals involved in the search for alleged violations of his Fourth Amendment rights against unlawful search and seizure. *See id.* at 725. On appeal from the district court's granting of the defendants' motion to dismiss, one issue considered by the court was whether the district court properly denied plaintiff's request for a protective order allowing him to proceed under a pseudonym. *See id.* at 728. The court found that the district court had not abused its discretion in finding that plaintiff had forfeited his ability to keep secret his actions at the border when he decided to file the lawsuit despite the fact that his conviction was not accessible to the public due to the HYTA program. *See id.*

The Magistrate Judge, applying *D.E. v. John Doe*, found that Plaintiff had forfeited his ability to maintain anonymity by filing the suit. (Doc. No. 42 at 7). As pointed out by the Magistrate Judge, the plaintiff in *D.E. v. John Doe* had a stronger argument than Plaintiff here for proceeding under a pseudonym given the privacy protections afforded to him under the HYTA program. (*Id.*).

By contrast, Plaintiff here is subject to no similar protections, and as discussed, his conviction is still a matter of public record.

Given the Magistrate Judge's reliance on on-point binding precedent, and that the caselaw raised by Plaintiff is either not binding or is materially distinguishable, the Court is satisfied that the Magistrate Judge's finding that Plaintiff forfeited his anonymity when he filed this lawsuit was not contrary to law.

Finally, Plaintiff argues that the Magistrate Judge's reasoning is contrary to law because she failed to consider whether disclosing Plaintiff's true name would deny him access to the justice system. (Doc. No. 45 at 14). Plaintiff contends that forcing him to proceed under his true name would deny him access to the justice system because he would lose his anonymity in connection with his sex offense, which is in part the relief he seeks in this lawsuit. (*Id.*). But Plaintiff does not explain *how* forcing him to proceed under his real name would "deny him access to the justice system"; he does not claim, for example, that it would effectively give him no choice but to dismiss his lawsuit. And if Plaintiff proceeds under is real name in this case, he is of course *accessing the justice system*—under his true name. So the Court perceives that this argument is not actually positing a denial of access to justice, but rather is merely asserting once again the importance of his remaining anonymous. Thus, this argument does not add anything to the arguments Plaintiff makes elsewhere.

4. **The Magistrate Judge's Consideration of the Public's Interest in Open Judicial Proceedings**

Plaintiff argues that the Magistrate Judge's reasoning in considering the public's interest in open judicial proceedings was contrary to law. (*Id.* at 14–15). Specifically, Plaintiff argues that because Plaintiff is launching a facial attack against SORA, which does not implicate how the government officials enforce the statute, the public has a reduced interest in the litigation. (*Id.* at

15). He further contends that although open judicial proceedings are important, the Magistrate Judge failed to consider the value of a litigant attempting to vindicate his constitutional rights. (*Id.*).

The Magistrate Judge found that there is a magnified public interest when a plaintiff brings claims against a public figure, as Plaintiff does in this case. (Doc. No. 42 at 9 n.9); *see Ramsbottom v. Ashton*, No. 3-21-cv-00272, 2021 WL 265118, at *8 (M.D. Tenn. June 28, 2021). While Plaintiff would have the Court believe that the Magistrate Judge's conclusion in this regard is contrary to law because Plaintiff's challenge is facial as opposed to as applied, he cites no authority supporting this proposition. Therefore, Plaintiff has failed to meet his burden in showing that the Magistrate Judge's conclusion ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent. Instead, Plaintiff's argument is nothing more than a disagreement with the law as it stands, but this is insufficient grounds on which to overturn the Magistrate Judge's order.

As to Plaintiff's argument that the Magistrate Judge should have considered Plaintiff's interest in vindicating his constitutional rights, Plaintiff again offers no applicable caselaw suggesting that this consideration—important as it is in many contexts—is relevant in the context of when a litigant seeks to proceed pseudonymously, such that it is entitled to weight in the balancing of interests prescribed by *Porter*.[7] And even if controlling law had required the Magistrate Judge to consider Plaintiff's interest in vindicating his constitutional rights (which the

---

[7] Plaintiff cites *Vitolo v. Guzman*, 999 F.3d 353 (6th Cir. 2021) for the proposition that the public has an interest in preventing the violation of a party's constitutional rights. However, the Sixth Circuit made this observation in the context of an analysis for a preliminary injunction. *See Guzman*, 999 F.3d at 360. Crucially, in making this observation, the court in *Vitolo* did not have to consider whether such interest is one that can appropriately be invoked by a plaintiff in attempting to counter the presumption that judicial proceedings are open.

Court does not find to be the case), for all of the reasons discussed above[8] Plaintiff has not shown that such an interest is sufficient in this case to overcome the presumption of open judicial proceedings.

CONCLUSION

The undersigned district judge does not write on a blank slate when reviewing an order of a magistrate judge on a non-dispositive matter. Even if a district judge could be persuaded that he or she would have found facts differently, or would have viewed applicable law somewhat differently or viewed an argument differently, that would be insufficient to reverse the order. Instead, the undersigned must go further and conclude that the magistrate judge drew a legal conclusion that was contrary to law or made a clearly erroneous finding of fact. For the reasons stated herein, the undersigned does not so conclude in this case.

Accordingly, the Court DENIES Plaintiff's Motion (Doc. No. 44) seeking reversal the Magistrate Judge's order (Doc. No. 42) denying Plaintiff's request to proceed under a pseudonym and for a protective order . For the same reasons, Plaintiff's motions for leave to file documents under seal (Doc. Nos. 14, 26, 47, 56, 59) are DENIED. The Clerk is DIRECTED to unseal the documents at Doc. Nos. 15, 27, 48, 57, and 60. The stay at Doc. No. 49 is lifted, and Plaintiff is ordered to file a notice containing his true name within fourteen (14) days from the date of this Order. The Clerk is DIRECTED to update, at that time, the case caption. Once Plaintiff' files the notice of his true name, all subsequent filings must use Plaintiff's true name.

IT IS SO ORDERED.

---

[8] Primarily that 1) Plaintiff's conviction is already a matter of public record, and that the outcome of this lawsuit will not completely anonymize Plaintiff as to his conviction *even if* he is successful, and 2) Plaintiff has not provided sufficient evidence that he stands a risk of actual harm should he be forced to disclose his true name.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE