IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEVEN WINTERS, | ) |
| Plaintiff, | ) |
| | ) NO. 3:22-cv-00338 |
| v. | ) JUDGE RICHARDSON |
| | ) |
| LEE, et al., | ) |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' motion to dismiss and accompanying memorandum in support (Doc. Nos. 29 ("Motion"), 30). Plaintiff filed a response. (Doc. No. 55). Via the Motion, Defendants seek dismissal of Plaintiff's complaint in its entirety under Rule 12(b)(6) on the grounds that (according to Defendant) the complaint fails to state a claim upon which relief can be granted. For the reasons stated herein, the Motion is granted in part and denied in part.

## BACKGROUND[1]

In this case, Plaintiff Steven Winters alleges that subjecting him to the requirements of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Trafficking Act of 2004 ("SORA") violates the Ex Post Facto Clause of the United States

---

[1] The (alleged) facts pertaining to Plaintiff contained in this section are taken from the complaint at Doc. No. 1 and are accepted as true for purposes of resolving the Motion. As to the facts pertaining to the legislative history of SORA, they are judicially noticeable and are accepted as true for that reason. *See Gardner v. Starkist Co.*, 418 F. Supp. 3d 443, 459 n.5 (N.D. Cal. 2019) ("A statute's legislative history constitute[s] judicial facts sufficiently capable of accurate and ready determination and is therefore judicially noticeable") (alteration in the original) (internal quotation marks omitted).

Constitution.[2] Plaintiff is a SORA Registrant due to a 2002 conviction for second-degree criminal sexual conduct committed against his 14-year-old stepchild. (Doc. No. 1 at 4).

The background of this case was adequately discussed in the Court's memorandum opinion accompanying its preliminary injunction order ("preliminary-injunction opinion"), and such discussion is incorporated here by reference. *See Doe #11 v Lee*[3], 609 F. Supp. 3d 578 (M.D. Tenn. 2022). Further, the history of SORA and the specific provisions to which Plaintiff is subject are explained in detail in the Court's preliminary-injunction opinion, and such explanation is incorporated here by reference. *See id.* Finally, with a few exceptions,[4] which the Court does not

---

[2] The U.S. Constitution contains two clauses commonly referred to as an "ex post facto" clause: one applicable to the States (U.S. Const. art. I, § 10, cl. 1), and one applicable to the federal government (U.S. Const. art. I, § 9, cl. 3). Because this case involves a state law (SORA), the Court's references herein are exclusively to the ex post facto clause applicable to the States, which the Court herein will call "the Ex Post Facto Clause."

[3] Plaintiff filed this lawsuit under the pseudonym John Doe. As noted in the Court's preliminary-injunction opinion, at the time the Court wrote the opinion, still pending was Plaintiff's motion to proceed under a pseudonym. *See Doe #11*, 609 F. Supp. 3d at 585 n.1.; Doc. No. 10. On February 10, 2023, the Court denied Plaintiff's motion to proceed under a pseudonym, and the case caption was therefore changed to reflect Plaintiff's true name. (Doc. No. 62).

[4] The only facts the Court considered in support of Plaintiff's request for a preliminary injunction that are not contained in the complaint are as follows:

> The officer told Plaintiff that he must leave his home each night by 11:59 p.m. (Doc. No. 25-4 at ¶ 2.) Although the officer did not specify when Plaintiff may return, Plaintiff has been returning home each morning by 5:30 a.m., so far without incident. (*Id.*). Plaintiff avers that his practice has been to leave home around 10:00 p.m. each night, after which he drives about twenty-five minutes to the hotel his arresting officer has approved Plaintiff to stay in. (*Id.* at ¶ 3). Although there are hotels closer to Plaintiff's home, Plaintiff cannot stay in them because they are within 1,000 feet of parks and other SORA-prohibited areas. (*Id.*). Plaintiff avers that he is staying in the nearest, cheapest hotel at a cost of $130 per night. (*Id.*).

(Doc. No. 39 at 11). However, the complaint states that "[s]ince April 2022, Plaintiff has been forced to spend each night in a hotel and not return home until the morning." (Doc. No. 1 at 9). Though the complaint does not include further detail such as the cost of the hotel and the times at which Plaintiff leaves the hotel and his home in order to comply with SORA, the Court does not find these legally significant in the resolution of the pending motion.

perceive as legally significant, the facts relating to Plaintiff contained in the Court's preliminary-injunction opinion—as found by the Court based on the declarations provided in support of Plaintiff's motion for a preliminary injunction—are wholly contained (in the form of allegations, of course) in the complaint; thus, such facts are incorporated here by reference.[5] *See id.* at 589.

DISCUSSION

The pending Motion is before the Court in somewhat of a unique procedural posture.

On May 11, 2022, Plaintiff filed a motion for a temporary restraining order and a motion for a preliminary injunction requesting that the Court enjoin Defendants from enforcing SORA against Plaintiff on the grounds that SORA violated the Ex Post Facto Clause. (Doc. No. 12). On May 27, 2022, Defendants filed the present Motion in which they argue the Court should dismiss the complaint because Plaintiff has failed to state a claim that SORA violates the Ex Post Facto Clause. (Doc. No. 29).

On June 16, 2022, the Court granted Plaintiff's motion for a temporary restraining order and preliminary injunction in part. (Doc. No. 40). Specifically, the Court granted the motion insofar as it requested a preliminary injunction enjoining Defendants and their officers, employees, servants, and attorneys, and all persons in active concert or participation with them from enforcing SORA against Plaintiff *except* that the injunction did not require Defendants to remove Plaintiff's information from the Sex Offender Registry ("SOR"), and it did not prohibit Defendants from

---

[5] As noted, as they are set forth in the complaint, such facts are merely *alleged*, rather than *found* (as they were by the Court for purposes of resolving the preliminary-injunction motion). But for purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) such as the instant Motion, the Court must take all of the factual allegations in the complaint (though not any legal conclusions, including legal conclusions couched as a factual allegation) as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, for purposes of the instant Motion, the facts alleged in the complaint stand in the same stead as they (those same facts) stood when found by the Court for purposes of the preliminary-injunction motion: that is, they are treated as true.

publishing Plaintiff's information on the SOR. (*Id.*). The Court did not resolve the pending motion to dismiss.

As explained in the Court's preliminary-injunction opinion, the Court found that SORA's registration requirement and requirement of publication of a registrant's information on the SOR predated Plaintiff's 2002 offense, and therefore were not retroactive for the purposes of the Ex Post Facto Clause. *See Doe #11*, 609 F. Supp. 3d at 599. The Court further explained that there was not a dispute that the remaining aspects of SORA (hereinafter "Retroactive SORA")[6] were retroactive. *See id.*

Thus, the focus of the Court's preliminary-injunction opinion was on whether Plaintiff had met his burden to obtain a preliminary injunction on the grounds that Retroactive SORA violated the Ex Post Facto Clause. And in granting Plaintiff's motion for a preliminary injunction, the Court necessarily found that Plaintiff had demonstrated a substantial likelihood of success on the merits on the issue of whether Retroactive SORA violated the Ex Post Facto Clause. *See id.* at 615.

The pending Motion poses the same issues to the Court that were addressed in the Court's preliminary-injunction opinion, albeit in a different procedural posture. Indeed, Defendants seek dismissal of the complaint on the grounds that Plaintiff has failed to state a claim upon which relief can be granted *because* his claim is without merit in that SORA does not violate the Ex Post Facto Clause.[7] But in the Court's preliminary-injunction opinion, the Court concluded that Plaintiff has a substantial likelihood of success on the merits on this very issue.

---

[6] As the Court did in the preliminary-injunction opinion, the Court will refer to SORA minus the baseline requirement that Plaintiff register with the Tennessee Bureau of Investigation and SORA's publication requirement as "Retroactive SORA." *See Doe #11*, 609 F. Supp. 3d at 600.

[7] Defendants do not seek dismissal on alternative grounds such as procedural or jurisdictional defects.

The undersigned is not the first to be confronted with this overlap in SORA litigation. In *Reid v. Lee*, Judge Trauger of this Court simultaneously resolved both a motion to dismiss and a motion for a preliminary injunction in a case in which the plaintiff alleged that SORA violated the Ex Post Facto Clause. *See Reid v. Lee*, 476 F. Supp. 3d 684, 696 (M.D. Tenn. 2020). In so doing, she observed:

> None of the defendants has advanced any procedural or jurisdictional argument against Reid's claims. Rather, they argue that his claims should be dismissed because they would fail on the merits. Accordingly, there is considerable overlap between the court's consideration of the defendants' motions to dismiss and the first factor of the preliminary injunction inquiry, likelihood of success on the merits—with the important caveat that, while the court will assume that all of the assertions in Reid's First Amended Complaint are true for the purposes of the Rule 12(b)(6) motions, it must rely on evidence in the record regarding his request for preliminary relief.

*See id.* at 696.

To survive a motion to dismiss for failure to state a claim, a complaint must, when the factual allegations in the complaint are taken as true, state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In evaluating a plaintiff's claim that a law violates the Ex Post Facto Clause in the face of a motion to dismiss for failure to state a claim, the Court must assess whether the plaintiff has "show[n] that his [E]x [P]ost [F]acto claim—like any other claim—is 'plausible'." *See Daniel v. Fulwood*, 766 F.3d 57, 61–62 (D.C. Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678); *Does v. Wasden*, 982 F.3d 784, 791 (9th Cir. 2020) ("To survive a motion to dismiss,

however, Appellants only had to plausibly allege that the amended SORA, on its face, is punitive in effect.").[8]

The Complaint sets forth two counts alleging that SORA violates the Ex Post Facto Clause. (Doc. No. 1 at 18–19). Count I is titled "Violation of Ex Post Facto Clause as Applied to Pre-SORA Offenses," and Count II is titled "Violation of Ex Post Facto Clause as Applied to Plaintiff." (*Id.*). Defendants argue that the Complaint should be dismissed in its entirety because (according to Defendants) SORA does not have a punitive effect and therefore does not violate the Ex Post Facto Clause. (Doc. No. 30 at 3).[9] As the Court explained in its preliminary-injunction opinion, to

---

[8] As suggested by the Ninth Circuit and D.C. Circuit, it is not necessary at this juncture for the Court to find that SORA violates the Ex Post Facto Clause. The Court need only determine whether Plaintiff has set forth facts, when taken as true, that make it plausible that SORA violates the Ex Post Facto Clause. Therefore, the Court reserves judgment at this juncture on the question of whether SORA is in fact unconstitutional.

[9] After a lengthy discussion on facial versus as-applied challenges in the context of SORA statutes, which the Court need not repeat here, the Court concluded in its preliminary-injunction opinion that:

> It appears to the Court that the only difference between Count 1 and Count 2 is the *scope of the remedy* that Plaintiff intends to seek, not the substantive content of the claim. *See Bucklew*, 139 S. Ct. at 1127 ("[C]lassifying a lawsuit as facial or as-applied affects the extent to which the invalidity of the challenged law must be demonstrated and the corresponding 'breadth of the remedy,' but it does not speak at all to the substantive rule of law necessary to establish a constitutional violation.") (quoting *Citizens Utd.*, 558 U.S. at 331). Via Count 1, Plaintiff seeks to prohibit the application of SORA to "any pre-SORA offense" (which necessarily would include Plaintiff's offense, which was committed pre-SORA). Via Count 2, Plaintiff seeks to prohibit the application of SORA to Plaintiff (and not anybody else). In both counts, Plaintiff claims that the application of SORA's provisions to offenses pre-dating the enactment of SORA violates the Ex Post Facto Clause; the only difference is that Count 1 seeks relief that is framed to benefit *anyone* who committed offenses pre-SORA, while Count 2 seeks relief framed to benefit *only Plaintiff*.

*See Doe #11*, 609 F. Supp. 3d at 598. Therefore, Plaintiff does not launch a "pure" facial challenge against SORA, and as noted in the Court's preliminary-injunction opinion, Plaintiff requested injunctive relief only on Count II. Therefore, the Court's order granting Plaintiff's request for an injunction enjoined enforcement of SORA only against Plaintiff rather than against any individual who may be categorized as subject to SORA for "Pre-SORA Offenses." (Doc. Nos. 40, 1 at 18).

Though Defendants seek dismissal of the complaint in its entirety, they do not differentiate between the two counts. (Doc. No. 30). Based on the Court's explanation and analysis provided in preliminary-injunction opinion (Doc. No. 39) and incorporated herein by reference, the Court is satisfied that SORA is

determine whether a law is punitive, the Court employs a two-part "intent-effect test." Under the first (intent) prong, the Court asks whether the legislature *intended* the law to impose punishment. If not, the Court then asks whether, despite the legislature's "intention . . . to enact a regulatory scheme that is civil and nonpunitive," the statutory scheme is nonetheless "punitive either in purpose or effect."[10] *Smith v. Doe*, 538 U.S. 84, 92 (2003) (quoting *Kansas v. Hendricks*, 521 U.S. 346, 361 (1997)); *Snyder*, 834 F.3d at 700. As was the case in determining whether Plaintiff was entitled to a preliminary injunction, Plaintiff appears not to dispute that the legislature did not intend for SORA to impose punishment. *See Doe #11*, 609 F. Supp. 3d at 601; Doc. No. 43. Accordingly, the only issue for the Court in resolving the present Motion is whether Retroactive SORA has a punitive effect. *Smith*, 538 U.S. at 92; *Snyder*, 834 F.3d at 700.

As Defendants point out in their Motion, in answering this question, the Court considers the following factors:

1) Does the law inflict what has been regarded in our history and traditions as punishment?
2) Does it impose an affirmative disability or restraint?
3) Does it promote the traditional aims of punishment?
4) Does it have a rational connection to a non-punitive purpose?
5) Is it excessive with respect to this purpose?

---

susceptible to the type of challenge contained in Count II of the complaint. However as explained further below, the Court finds that Plaintiff is limited in his ability to seek relief on behalf of *any person* who is subject to SORA based on "Pre-SORA Offenses," which is the relief he is seeking in Count I.

[10] In directing the court to ask, as part of prong two, whether the statutory scheme is "punitive . . . in *purpose*," *Smith* seems to mandate a redundancy. That is, *Smith* seems to require the court to re-ask what it already asked at prong one, *i.e.*, whether the statutory scheme was punitive as a matter of legislative *intent*. Perhaps there is a difference between a statute's being punitive as a matter of legislative intent and a statute's being punitive "in purpose," but any such distinction strikes the undersigned as dubious and in any event too nuanced to be of much analytical value. Moreover, the caselaw appears to focus mainly (if not exclusively) on the law's *effect* at this second stage. *See Smith*, 538 U.S. at 97; *Snyder*, 834 F.3d at 701. And the parties here do not make any arguments based on the law's "purpose." Accordingly, the undersigned believes that if he reaches prong two, it is precisely because he has already determined that the statutory scheme is not "punitive in purpose," and that he should focus on what prong two clearly is supposed to be about anyway: whether the statutory scheme is punitive *in effect*.

*Snyder*, 834 F.3d at 701 (citing *Smith*, 538 U.S. at 97).[11] The Court's preliminary-injunction opinion addressed each of these factors in detail and found that "all five [] factors favor Plaintiff," and thus Plaintiff had shown a substantial likelihood of success on the merits. *See Doe #11*, 609 F. Supp. 3d at 615. In assessing each of the factors, the Court confronted virtually identical arguments presented by Defendants in the pending Motion. The Court is confident that its conclusions contained in its preliminary-injunction opinion and incorporated here by reference that Plaintiff has a substantial likelihood of success on the merits on the question of whether Retroactive SORA violates the Ex Post Facto Clause apply equally to the question of whether Plaintiff has stated a claim that Retroactive SORA violates the Ex Post Facto Clause as raised in Counts I and II in the complaint. Therefore, for the same reasons that the Court found that Plaintiff has a substantial likelihood of succeeding on the merits on the issue of whether Retroactive SORA violates the Ex Post Facto Clause, the Court finds that Plaintiff has stated a claim that SORA does

---

[11] The undersigned here will reiterate what he has said previously about multi-factor tests generally:

> "The undersigned has noted on multiple occasions that multi-factor (or balancing) tests, though often having considerable desirability and merit, tend to foster outcomes that are unpredictable on the front end, given such tests' subjectivity." *Memphis A. Phillip Randolph Inst. v. Hargett*, No. 3:20-CV-00374, 2020 WL 5095459, at *16 (M.D. Tenn. Aug. 28, 2020) (quoting Eli J. Richardson, *Eliminating the Limitations of Limitations Law*, 29 Ariz. St. L.J. 1015, 1050 (1997) (proposing a multi-factor test to resolve civil limitations issues, while conceding that when courts "apply[ ] a multi-factor test, [it is] always an unpredictable endeavor") and Eli J. Richardson, *Taking Issue with Issue Preclusion: Reinventing Collateral Estoppel*, 65 Miss. L.J. 41, 95 (1995) (proposing multi-factor test to resolve collateral estoppel issues, while conceding that its drawback is that it "would produce unpredictable resolutions of collateral estoppel issues, in that it is so flexible and calls for very subjective judicial determinations")). This reality tends not to bode well for the prospects of a multi-factor test to resolve a question as a matter of law at the summary judgment stage.

*Acosta v. Peregrino*, No. 17-cv-01381, 2020 WL 5995049, at *6 (M.D. Tenn. Oct. 9, 2020). The undersigned is well aware that room for disagreement exists with respect to the proper result of the outcome of the multi-factor test to be employed here; this is especially true because, as noted elsewhere herein, the commonly recognized factors are neither exhaustive nor dispositive. But he must call it like he sees it after weighing each factor in turn, and he will continue to do just that.

so. *See Sahara Healthcare, Inc. v. Azar*, 349 F. Supp. 3d 555, 566 (S.D. Tex. 2018) ("[T]he standards for a Rule 12(b)(6) motion to dismiss and the first element of injunctive relief—that plaintiff has a substantial likelihood of success on the merits—essentially overlap and operate to reach the same conclusion."); *cf. Stillion v. Freedom Mortgage Corp.*, No. 1-14-cv-3956, 2015 WL 12778342, at *1 (N.D. Ga. Apr. 1, 2015) (explaining that the court's finding in substantially similar lawsuit that plaintiff had failed to state a claim supports the court's conclusion that the present plaintiff could not show a substantial likelihood of success on the merits).

In summary, as to Count II, the Court finds that Plaintiff has sufficiently stated a claim that Retroactive SORA violates the Ex Post Facto Clause as applied to Plaintiff except to the extent that Plaintiff is subject to SORA's publication and registration requirements, as these requirements predate Plaintiff's offense and therefore do not retroactively apply to Plaintiff (and thus are excluded from "Retroactive SORA").

As to Count I, Plaintiff requests that the Court declare that SORA violates the Ex Post Facto Clause as to all offenses (by *whomever* committed) that predate SORA. First, Plaintiff has standing to request a declaratory judgment that SORA violates the Ex Post Facto Clause only to the extent that Plaintiff himself can show that SORA as applied to him is violative of the Ex Post Facto Clause. As the court in *Coston v. Petro* explained when presented with a facial challenge to Ohio's sex offender registration and classification laws, "[e]xcept in limited circumstances not applicable here, a party to whom a statute does not apply cannot prosecute a facial challenge in order to assert the rights of third parties not before the court." 398 F. Supp. 2d 878, 884 (S.D. Ohio 2005). In *Coston*, the court found that because the plaintiffs "failed to establish that they [were] subject to" Ohio's sex offender registration and classification laws, they lacked standing to assert their facial challenge that the laws violated the Ex Post Facto Clause. *See id.* at 884. Therefore,

Plaintiff fails to state a claim that SORA violates the Ex Post Facto Clause for any provisions of SORA to which he is not subject, and for any provisions that he is subject to but that are not applied retroactively. Plaintiff thus fails to state a claim under Count I that the registration and publication requirements of SORA violate the Ex Post Facto Clause.

CONCLUSION

For the reasons stated herein, the Motion at Doc. No. 29 is GRANTED in part and DENIED in part, as detailed in the following paragraph.

As to Count I, the Motion is DENIED except insofar as Plaintiff lacks standing to challenge aspects of SORA that he is either not subject to or that are not retroactively applied to him. As to Count II, the Motion is DENIED except insofar as Plaintiff has failed to state a claim that SORA violates the Ex Post Facto Clause with respect to SORA's registration requirement and publishing of Plaintiff's information on the SOR in compliance with Tenn. Cod. Ann. § 40-39-206(d). This means, conversely, that the Motion is GRANTED as to Count I insofar as Count I is dismissed to the extent that it challenges SORA requirements to which he is not subject or that are not retroactive as applied to Plaintiff in particular. Further, the Motion is GRANTED as to Count II insofar as Count II is dismissed to the extent that it challenges either the requirement for Plaintiff in particular to register under SORA or the publishing of Plaintiff's information on the SOR in compliance with Tenn. Cod. Ann. § 40-39-206(d).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE